**E-FILED on**   5/26/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAMILY MORTGAGE CORPORATION NO. 15, <br><br> Plaintiff, <br><br> v. <br><br> PERRY L. GREINER, <br><br> Defendant. | No. C-03-01380 RMW <br><br> ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT <br><br> [Re Docket Nos. 105, 122, 130, 147-49] |

    As announced at the recent hearing, the motion to enforce the settlement stated at the October 19, 2004 hearing is granted.  The settlement consists of the corrected October 15, 2004 agreement, signed and initialed by Greiner, as modified by the "Changes Document."

    The court will enforce the settlement as follows:  Under the October 15, 2004 agreement (as modified), if Greiner did not sell the Property by July 31, 2005, the Property was to be auctioned under the terms of paragraph 9 of that agreement.  Paragraph 9 called for the parties to select an auctioneer by October 25, 2004 who would begin marketing the property in August 2005 for an auction in October 2005.  As Greiner has caused these dates to pass without an auction occurring, Family Mortgage Corporation No. 15 shall have the authority to hire Uecker & Associates, Inc. to conduct an auction of the Property on the terms presented to the court, *see* Uecker Decl., Exs. B, C,

and in accordance with paragraph 9, except that the schedules in those documents shall be reasonably modified to accommodate the delay caused by Greiner.[1]

The court retains jurisdiction over this action to enforce compliance with the settlement.

The court took the issue of sanctions under submission. The court finds Greiner's declaration that he was not agreeing to a settlement at the October 19, 2004 hearing incredible. A district court has the power to award damages against a party for not complying with a settlement agreement, including awarding attorneys' fees expended by the party seeking to enforce the settlement agreement. *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (*per curiam*). The court finds that fifteen hours was a reasonable amount of attorney time for Family Mortgage and Eastern Saving Bank to spend on enforcing the settlement agreement, and that $250 per hour is a reasonable rate for this work; the court will therefore award Family Mortgage and Eastern Savings Bank $3,750 in damages against Greiner for refusing to comply with the settlement agreement. In light of this award of damages, the court finds Rule 11 sanctions against Greiner are unnecessary.

Though the court questions the legal basis for resisting the motion to enforce the settlement agreement, the court does not find sanctions against Greiner's counsel warranted, as counsel acted on client-provided information and did not represent Greiner at the time of the settlement.

DATED:      5/26/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] The court has received the proposed order and judgment as well as the letters filed on May 26, 2006. As all the terms of the proposed order and judgment were not part of the settlement presented to the court on October 19, 2004, and Greiner does not appear to have agreed to them, the court will not enter them.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Mark V. Isola misola@rehonroberts.com
Peter M. Rehon prehon@rehonroberts.com
Tiffany L. Goodman
Tyler J. Olson tolson@rehonroberts.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**A copy will also be mailed to:**

Stanford H. Atwood, Jr.; Eric S. Haiman
Atwood Haiman & Westerberg
18805 Cox Ave
Suite 200
Saratoga, CA 95070-4183

**Dated:**     5/26/06                         /s/ JH
                                    **Chambers of Judge Whyte**